UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARLENE WILLIAMS,

                Plaintiff,

      -against-

EAN HOLDINGS, LLC, ELRAC, LLC,
HEATHCLIF CAREW, and "JOHN DOE," first
and last name being fictitious,

                Defendants.

**ORDER**
**19-CV-4552 (NGG) (PK)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Arlene Williams commenced this action in the Supreme Court of the State of New York for damages arising from a motor vehicle collision. (Compl. (Dkt. 1-2).) Defendants removed that case to this court on August 7, 2019. (Not. of Removal (Dkt. 1).) Plaintiff filed a Motion to Remand on September 20, 2019 (Mot. (Dkt. 8)), which the undersigned referred to Magistrate Judge Peggy Kuo for a Report and Recommendation ("R&R"). (Oct. 7, 2019 Order Referring Mot.) On December 11, 2019 Judge Kuo issued the annexed R&R recommending that the court grant Plaintiff's motion.

No party has objected to Judge Kuo's R&R, and the time in which to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

1

Having found none, the court ADOPTS the R&R in full and GRANTS Plaintiff's motion.

SO ORDERED.

Dated:   Brooklyn, New York
         April 6, 2020

                                           /s/ Nicholas G. Garaufis
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ARLENE WILLIAMS,                                        :
                                                        :
                         Plaintiff,                     :    **REPORT AND**
                                                        :    **RECOMMENDATION**
              -against-                                 :
                                                        :    19-CV-4552 (NGG) (PK)
EAN HOLDINGS, LLC, ELRAC, LLC,                          :
HEATHCLIFF CAREW, and "JOHN DOE," first                 :
and last name being fictitious,                         :
                                                        :
                         Defendants.                    :
                                                        :
------------------------------------------------------------ X

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Arlene Williams ("Plaintiff") brought this action in the Supreme Court of the State of New York, County of Kings, against EAN Holdings, LLC ("EAN"), ELRAC, LLC ("ELRAC"), Heathcliff Carew, and "John Doe" (collectively, "Defendants"), seeking damages arising from a motor vehicle collision that occurred in June 2016. Defendants filed a Notice of Removal of the state court proceeding on August 7, 2019. (Dkt. 1.)

Before the Court on referral from the Honorable Nicholas G. Garaufis is Plaintiff's Motion to Remand (the "Motion") (Dkt. 8; Referral Order dated 10/7/2019). For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted.

**PROCEDURAL BACKGROUND**

Plaintiff filed a Summons and Verified Complaint in Kings County Supreme Court on April 20, 2018, against the car rental company ELRAC and its holding company EAN, also listing a "John Doe" defendant as the renter and operator of the vehicle involved in the incident. (Motion; Verified Complaint ("VC"), Dkt. 1-2 at ¶ 24, PageID #11.) Defendants ELRAC and EAN filed a Verified Answer on May 30, 2018. (Motion; Verified Answer, Dkt. 1-4.)

1

On December 18, 2018, Plaintiff filed an Amended Verified Complaint in Kings County Supreme Court, naming defendant Heathcliff Carew as the renter of the vehicle. (Dkt. 8; Amended Complaint ("AC"), Dkt. 1-2 at ¶ 25, PageID #26.) The driver remained identified only as "John Doe." (AC at ¶¶ 46-69, PageID #28-31.) On February 8, 2019, Carew filed a motion to dismiss based on lack of personal jurisdiction due to lack of proper service. (Motion; Dkt. 1-3 at PageID #43.) On April 1, 2019, the state court granted Plaintiff additional time to serve Carew, and he was served on April 25, 2019. (Motion at 1.)

On June 28, 2019, Defendants served their Verified Answer to the Amended Complaint, along with an *ad damnum* demand. (Dkt. 1-4.) Plaintiff sent a response on July 3, 2019, which was received on July 10, 2019, that she is seeking $5 million in damages. (Dkt. 1-5.)

On August 7, 2019, Defendants filed their Notice of Removal on the basis of complete diversity of citizenship – Plaintiff is a New York citizen, EAN is a Delaware and Missouri citizen, ELRAC is a Delaware citizen, and Carew is a Florida citizen – and that the amount in controversy exceeds $75,000 (Notice of Removal, Dkt. 1 at ¶¶ 7-8; Minute Entry dated 9/10/2019.)

An Initial Conference was held on September 10, 2019, at which the parties noted that they had already engaged in extensive discovery in the underlying state court action. (*See* Minute Entry dated 9/10/2019.) Plaintiff filed the Motion on September 20, 2019, and Defendants filed their opposition the same day. (Motion, Dkt. 8; Defs.' Opp., Dkt. 9.)

## DISCUSSION

### I. Legal Standard

Pursuant to 28 U.S.C. § 1446(b)(1), the removal notice must be filed within 30 days of the defendant's receipt of the initial pleading, or within 30 days after service of the summons and complaint, whichever period is shorter. If the case is not immediately removable based on the initial pleading, the defendant may file a notice of removal within 30 days from the date on which it is first

2

ascertainable, through "a copy of an amended pleading, motion, order or other paper," that the case is removable. 28 U.S.C. § 1446(b)(3); *see Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37-38 (2d Cir. 2010) (thirty-day clock does not begin to run until the plaintiff serves the defendant with "a paper that explicitly specifies the amount of monetary damages sought.").

In addition to the time periods set forth above, a case based on the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332 may not be removed more than one year after the commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing an action." 28 U.S.C. § 1446(c)(1). Bad faith exists when a plaintiff deliberately fails to disclose the actual amount in controversy to prevent removal, or when a plaintiff obstructs defendant's efforts to ascertain the amount in controversy. 28 U.S.C. § 1446(c)(3)(B).

**II.    Analysis**

Defendants filed their notice of removal on August 7, 2019. While this was within 30 days of their receiving the *ad damnum* response, it was more than one year after April 20, 2018, when the original complaint was filed.

Defendants argue that the "commencement" date of the action should be December 18, 2018, when the Amended Complaint was filed identifying Carew as a defendant, not the date of the original complaint, which identified the renter of the vehicle only as "John Doe." (Notice of Removal at ¶ 6.) Defendants contend that until Carew was named, they did not have enough information to determine his identity or domicile, such that they could conclude that there was complete diversity of citizenship. (Defs.' Opp. at 1.)

The Court finds no basis for using a date other than the original filing date for the "commencement" of the action. The statute is clear that the one year is counted from "commencement of the action," not from the date that diversity becomes ascertainable. Here,

3

Defendants' argument is even less compelling, since the original complaint clearly designated the renter of the vehicle as a defendant, even though Plaintiff used the placeholder name of "John Doe." While Plaintiff did not know his real name, Defendants already had sufficient information – through the license plate number in the complaint and date of the incident – to determine through their own rental records the name and address of the "John Doe" renter. (VC at ¶ 4, PageID #9.) Moreover, if, as Defendants argue, the existence of an unknown "John Doe" were truly an impediment to removal, removal would not be possible now, given that the "John Doe" *driver* remains unidentified in the Amended Complaint. (*Id.* at ¶¶ 46-69, PageID #28-31.)

On a motion to remand, the defendant bears the burden of demonstrating the propriety of removal. *See, e.g., O'Donnell v. AXA Equitable Life Ins. Co.*, 887 F.3d 124, 128 (2d Cir. 2018). The "removal statute is strictly construed against removal and in favor of remand." *Ofori v. BJ's Wholesale Club, Inc.*, No. 18-CV-5940 (ENV) (SMG), 2019 WL 1785529, at *2 (E.D.N.Y. Mar. 7, 2019), *R&R adopted*, 2019 WL 1748598 (E.D.N.Y. Apr. 18, 2019). Defendants have not shown any reason to view this action as having been "commenced" on any date other than the filing of the original complaint. They cite no cases except *Hill v. Ascent Assur., Inc.*, 205 F. Supp. 2d 606 (N.D. Miss. 2002), in which a court used the date of the amended complaint which added two new diverse *plaintiffs*. (Notice of Removal at ¶ 6.)

Accordingly, because Plaintiff filed the initial complaint on April 20, 2018, thereby commencing the action, and Defendants did not file their notice of removal until August 7, 2019, over fifteen months later, the removal was untimely pursuant to 28 U.S.C. § 1446(c).

Defendants do not argue that Plaintiff's bad faith behavior prevented their compliance with 28 U.S.C. § 1446(c), and no evidence of bad faith exists in the record. Plaintiff timely responded to the *ad damnum* demand, and there is no indication that Plaintiff had prior knowledge of Carew's name, but attempted to conceal it in order to preclude removal. Furthermore, Defendants did not

4

serve their *ad damnum* demand until June 28, 2019, nearly eleven months after the original complaint, and more than six months after the Amended Complaint was filed. Although Defendants challenged service on Carew, and Carew was eventually served on April 25, 2019, nothing prevented Defendants from making the *ad damnum* demand as soon as Carew's name appeared in the Amended Complaint and a basis for removal became apparent. (Defs.' Opp. at 2.) In assessing bad faith when the initial pleading fails to provide an amount in controversy, courts take into account whether a defendant took any steps to ascertain that information. *See Purple Eagle Entm't Inc. v. Bray*, No. 18-CV-3767 (GBD) (HBP), 2018 WL 7968909, at *3 (S.D.N.Y. Dec. 6, 2018), *R&R adopted*, 2019 WL 493812 (S.D.N.Y. Feb. 8, 2019) (citing cases).

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that Plaintiff's Motion to Remand, filed at [8], be granted, and that this action be remanded to the Supreme Court of the State of New York, County of Kings.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service on the docket by December 18, 2019.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any just objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
December 11, 2019